# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS FRANKLIN, Petitioner, v. RAYMOND MADDEN, Warden, Respondent. | CV 17-4281 DSF (JC) ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. 1), the relevant records on file, the Report and Recommendation of United States Magistrate Judge (Dkt. 70; "Report"), and Petitioner's Objections to the Report (Dkt. 75; "Objections"). The Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected. Although not required, the Court briefly discusses the following points. See United States v. Ramos, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); Wang v. Masaitis, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

    The Report recommends dismissing the Petition's two remaining claims (i.e., a Brady[1] claim for withholding evidence that witness Shanti Day testified in exchange for leniency in her own criminal proceedings, and a related cumulative error claim) with prejudice because, among other things, Petitioner has not shown the evidence

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

was material to either the jury's verdict or the trial court's ruling on Petitioner's new trial motion.  (Dkt. 70 at 23-28).  Petitioner contends in the Objections that the suppressed evidence suggesting Day received leniency in her own criminal proceedings in exchange for testimony against Petitioner was material because Day was the only eyewitness at Petitioner's trial directly tying him to the killing.  (See Dkt. 75 at 3-6).

While it is true that Day was the only witness who gave direct testimony implicating Petitioner in the beating that resulted in the victim's death, the record shows that Day identified Petitioner by name as an attacker on the day of the beating before she had violated her probation resulting in the charge for which she assertedly was given leniency.  (See Dkt. 70 at 5-7, 15-16, 25 (discussing evidence).  Day's testimony was consistent throughout:  Petitioner introduced himself to her before the beating using his name, and she had seen Petitioner around before.  Given Day's consistent testimony, and that she came forward before she had any motivation to testify (when she had strong motivation not to be involved), there is no reasonable probability that the result of the proceedings would have been different had the evidence suggesting Day later may have received leniency in her criminal case been given to the defense.  See Strickler v. Greene, 527 U.S. 263, 281 (1999) ("[T]here is never a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.").  The prosecution could have countered any attempt to undermine Day's credibility by pointing to her statement to police on the day of the beating as untainted by any offer of leniency.  See Libberton v. Ryan, 583 F.3d 1147, 1163-64 (9th Cir. 2009) ("[T]he government could have pointed to a statement untainted by any secret deal, if such a deal existed, in order to corroborate [the key witness's] trial testimony. . .. Given the availability of [the witness's] earlier statement . . . as corroboration of his trial testimony, it is unlikely any jury would have reached a different conclusion as to Libberton's guilt even if it had known of the alleged oral agreement.").

The Objections are OVERRULED. The Court accepts the Report and adopts it as its own findings and conclusions. Judgment shall be entered DENYING the Petition and request for an evidentiary hearing, and DISMISSING this action with prejudice.

Further, for the reasons stated in the Report, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The request for a Certificate of Appealability is therefore DENIED.

IT IS SO ORDERED.

Date: February 24, 2025

                                            Dale S. Fischer
                                            United States District Judge